**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRENDA BLYSTONE, | CIVIL DIVISION |
| Plaintiff, | No. |
| v. | |
| MERCIK UNLIMITED, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff Brenda Blystone, by and through counsel Robert A. Bracken, Esquire and Bracken Law Firm, LLC and files the following Complaint in Civil Action and avers as follows:

## PARTIES AND NATURE OF THE ACTION

1. Plaintiff, Brenda Blystone, is a resident of the Commonwealth of Pennsylvania, with an address of 120 Run Around Road, Kittanning, PA 16201. At all times relevant hereto, Plaintiff was an employee of Defendant. To date, Plaintiff remains an employee of Defendant.

2. Defendant, Mercik Unlimited, Inc. is a Pennsylvania corporation located at 125 W. Elm St., Homer City, Indiana County, PA 15748.

3. Plaintiff brings this action for damages under the Federal Labor Standards Act ("FLSA"), 29 U.S.C.§ 201, *et seq.*, to recover unpaid overtime and wages, and for such other relief as may be appropriate.

4. Plaintiff also brings this action under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, to recover unpaid overtime, and for such other relief as may be appropriate.

5. Plaintiff also brings this action under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, to recover unpaid overtime, and for such other relief as may be appropriate.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and, for supplemental state claims, 28 U.S.C. §1367.

7. Venue is appropriate in this Court under 28 U.S.C. § 1391 because the parties reside in this judicial district, do business therein, and the events giving rise to this Complaint arose in this judicial district.

## FACTUAL ALLEGATIONS

8. Defendant Mercik Unlimited, Inc. is a Pennsylvania corporation that owns and operates grocery stores.

9. Plaintiff worked at Mercik Unlimited, Inc.'s grocery store located at 129 W. Elm St., Homer City, PA 15748.

10. Defendant is an "employer" within the meaning of the FLSA, WPCL and PMWA.

11. Employers are required by federal and state law to compensate each employee who works in excess of forty (40) hours in one 7-day workweek for all hours exceeding 40 at a rate not less than one and one-half times the regular rate at which the

employee is employed, unless the employee is "exempt" from the overtime provisions of the applicable statutes.

12. Plaintiff has been employed as the deli manager for Defendant for more than one year.

13. Plaintiff's primary job duties are serving as deli clerk providing customer service and making sandwiches.

14. Plaintiff also performs other duties including ordering, inventory and scheduling.

15. Thus, Plaintiff, as the deli manager whose primary job duties are that of a deli-clerk, is not exempt from the overtime provisions of the applicable statutes.

16. Although she is entitled to overtime pay of not less than one and one-half times the regular rate of pay at which she is employed, Plaintiff has only been paid one-half of her regular pay for all hours worked in excess of forty hours per work week.

17. For example, Plaintiff's pay stub with a pay period ending April 27, 2017 show that Plaintiff was paid $11/hour for her 40 hours of "Regular" pay, yet for the additional 7.5 hours Plaintiff worked, she was paid "HALF TIME" at the rate of $5.50/hour.

18. Similarly, for the pay period ending March 25, 2017, Plaintiff was paid at the "HALF TIME" rate for the 11.75 hours she worked beyond 40 hours.

19. And, for the pay period ending January 14, 2017, Plaintiff was paid at the "HALF TIME" rate for the 14 hours she worked beyond 40 hours.

20. This "HALF TIME" rate that Plaintiff was paid is even less than the $7.25/hour minimum wage required pursuant to the applicable statutes.

21. Plaintiff was paid "HALF TIME" for hours worked over 40 hours per week many other times as well; however, discovery will likely be necessary to determine the total amount of pay that Plaintiff is owed.

22. At this time, Plaintiff does not know whether other Mercik Unlimited, Inc. employees are paid lawfully.

23. In fact, Defendant insists that employees not discuss their rates of pay or related issues with each other.

24. As a result of Defendants' actions, Plaintiff has not been fully compensated for the full amount of overtime she worked.

25. Defendant knew or should have known that its actions were unlawful.

26. Defendant's failure to compensate Plaintiff for her work in excess of 40 hours per workweek at rates not less than one and one-half times the regular rate at which she was employed was intentional and willful, as was Defendant's decision to pay Plaintiff at a rate less than statutory minimum wage rate.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27. Paragraphs 1 through 26 are incorporated by reference as if the same were fully set forth herein.

28. At all times relevant, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. §201, *et. seq*.

29. At all times relevant, Defendant was an employer within the meaning of 29 U.S.C. §201, *et. seq*.

30. Plaintiff is non-exempt within the meaning of the FLSA and is thus entitled to the benefits of the FLSA's overtime wage requirements.

31. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

32. Pursuant to Section 206(a), all employees must be paid the minimum wage of $7.25/hour for each hour worked.

33. Section 207(a)(1) of the FLSA states that employees must be paid overtime equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

34. As a consequence of Defendant's illegal practices set forth above, Plaintiff has been denied statutory overtime wages.

35. Defendant's refusal to pay Plaintiff overtime wages is a willful violation of the FLSA wage requirements.

36. Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid overtime wages, liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §216(b) as well as the award of any and all damages Plaintiff is entitled to under applicable law.

## COUNT II – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

37. Paragraphs 1 through 36 are incorporated by reference as if the same were fully set forth herein.

38. As set forth above, Plaintiff is owed wages within the meaning of the WPCL.

39. The foregoing actions and/or omissions of Defendant constitute violations of the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S. § 260.1, *et seq.*

40. Pursuant to 43 P.S. §§ 260.9 and 260.10, Plaintiff is entitled to payment of all wages that were not paid, liquidated damages in the greater amount of $500 or 25% of the total amount of wages due, interest, and attorney's fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid wages, liquidated damages, interest, attorney's fees, costs and the award of any and all damages Plaintiff is entitled to under applicable law.

## COUNT III – PENNSYLVANIA MINIMUM WAGE ACT OF 1968

41. Paragraphs 1 through 40 are incorporated by reference as if the same were fully set forth herein.

42. The above-described actions of Defendants constitute a violation of the Pennsylvania Minimum Wage Act as outlined in 43 P.S. § 333.104(c), as Defendants have failed to properly pay Plaintiff overtime compensation.

43. Further, Defendant has failed to even pay Plaintiff at the minimum wage rate of $7.25/hour for the "HALF TIME" rate at which Defendant compensated Plaintiff for hours worked over 40 hours per week.

44. Pursuant to 43 P.S. § 333.113, Plaintiff is entitled to payment of all wages that were not properly paid as well as attorney's fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid wages, liquidated damages, interest, attorney's fees, costs, and the award of any and all damages Plaintiff is entitled to under applicable law.

Respectfully submitted,

**BRACKEN LAW FIRM LLC**

By _____
Robert A. Bracken, Esq.
BNY Mellon Center
500 Grant Street, Suite 2900
Pittsburgh, PA 15222
Tel. (412) 278-7402
Fax (412) 533-7030
*Counsel for Plaintiff*